# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 9, 2020

Lyle W. Cayce
Clerk

No. 19-50606
Summary Calendar

Johnny Dwayne Lee,

*Plaintiff—Appellant*,

*versus*

Bobby Lumpkin, Director, Texas Department of Criminal Justice, Correctional Institutions Division; B.P.P. Chairman David Gutierrez,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:18-CV-829

Before King, Smith, and Wilson, *Circuit Judges*.

Per Curiam:*

Johnny Dwayne Lee, Texas prisoner # 1336182, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of jurisdiction and for failure to

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

state a claim upon which relief could be granted.  Lee filed a § 1983 suit against Lorie Davis, the director of the Texas Department of Criminal Justice,[1] and David Gutierrez, Chairman of the Board of Pardons and Paroles, alleging that they violated his due process rights by requiring him to comply with a sex-offender registration requirement when he was released on parole in March 2017.  Lee also appeals the denial of his motion to amend his complaint by removing Davis and Gutierrez as defendants, adding the Texas Board of Pardons and Paroles as a defendant, and dropping his claim for monetary damages.  Lee requests appointment of counsel and leave to file a supplemental brief.

First, the district court did not abuse its discretion in denying the motion to amend because Lee's proposed amendments would render his claims inappropriate for a § 1983 action.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Second, Lee has abandoned his challenge to the district court's dismissal of his § 1983 complaint under Rules 12(b)(1) and 12(b)(6) by not addressing the court's reasons for its decision.  *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Finally, to the extent Lee asks this Court to reinstate his release on parole, "his sole federal remedy is a writ of habeas corpus" rather than a § 1983 suit.  *Preiser*, 411 U.S. at 500.

The motion for leave to file a supplemental brief is GRANTED, and the motion for appointment of counsel is DENIED.  For the foregoing reasons, the district court's judgment is AFFIRMED.

---

[1] This court administratively substituted Bobby Lumpkin, the current director of the Texas Department of Criminal Justice, for Davis.